## No. 8912.

### GREENWOOD v. GREENWOOD.

1. WILL—*Construction*. Vested interests are favored as against those which are contingent, where the matter is in doubt.

2. *Construed*. A testator devised all his estate to his wife, "as long as she lives, or remains my widow". The will further declared that, should the widow marry, all his estate should be divided equally between two sons named, "they to pay my son Walter $50.00". The testator survived the wife. *Held* that though the will made no express provision for this contingency, it was not for such omission to be rejected as without effect; that the clear purpose of the testator was that his estate should go to the two sons named as beneficiaries, in case of the widow's marriage, and that the son Walter should receive only the specific legacy of $50.00.

*Error to Denver County Court, Hon. Ira C. Rothgerber, Judge.*

*Department.*

Mr. CHESTER H. KERN and Mr. JOHN S. GIBONS, for plaintiff in error.

Mr. NATHANIEL HALPERN, for defendant in error.

Opinion by Mr. Justice Teller.

THIS cause comes before us on error to the County Court to reverse a judgment construing a will.

The plaintiff in error is a son of one Henry Greenwood, now deceased, who in his life time made a will of which the part pertinent to this review is as follows:

"I give and bequeath all my property to my beloved wife, Elizabeth H. Greenwood, as long as she lives or remains my widow. Should my wife marry, then all my property shall be divided equally between my son, William H. Greenwood, and my stepson, Thos. A. Harvey, they to pay my son Walter Greenwood fifty dollars for his share of my estate."

The wife died before the husband's death, and, as the will contains no provision, in terms, for the disposition of the estate except in the case of her marriage, it is now claimed that the will is invalid because, it is said, the remainders over to the son and stepson are contingent upon an event which can never happen, and can therefore never vest. The plaintiff in error claims as an heir at law.

The County Court rejected this contention and held that the provision by which the estate was to go to the son and stepson, in case of the widow's marriage, is to be construed to mean that, in case she married or should predecease the testator, the property should go as above stated. The court further held that the will showed that the testator intended his son Walter should take nothing from the estate except the sum of $50 given him in the will. This construction of the will is abundantly supported by the authorities, and must be regarded as effecting the testator's intention. It is clear that he did not intend to give the plaintiff in error more than

fifty dollars in the contingency specified, and it is only by assuming an intent to leave his estate intestate that we can suppose the testator intended to permit the son Walter to share generally in the estate, under the circumstances now presented, and for which no express provision was made. We think the authorities are right in adopting another construction, as the trial court did in this case. This complies with the rule that vested interests are favored, as against those which are contingent when there is doubt in the matter.

In Underhill on the Law of Wills, p. 472, it is said:

"A devise by the testator to his widow for the term of her natural life, but if she should marry again then to A in fee, without any provision for the disposition of the fee after her death in case she should not marry again, is a very common form of disposition. In such cases the courts will insert the words, 'when she dies', or 'after her death', and A will take a vested remainder by implication upon the death of the widow without having remarried."

The same author in section 858 says:

Where it appears to be the primary intention of the testator to give the widow an estate in limitation for widowhood, which may of course endure for the life of the widow, the devise over is a vested remainder coming after the life estate of the first taker."

Many authorities are cited in support of these statements.

Here there is a clear intent to give to the widow such an estate as the author names in the last quotation.

In Jarman on Wills, p. 414, 5th Am. Ed. it is said:

"An exception to this rule, however, may seem to exist in a case which deserves especial attention, on account of the frequency of its occurence, namely, where a testator makes a devise to his widow, and if she should marry, then over; in which the established construction is, that the devise over is not dependent on the contingency of the widow's marrying again, but takes effect at all events, on the termination of her estate, whether by marriage or death."

After discussing *Luxford v. Cheek*, 3 Lev. 125, and *Gor-*

*don v. Adolphus,* 3 B. P. C. Toml. 306, both leading cases on this point, the author adds:

"In these cases, therefore, the widow takes an estate *durante viduitate,* and the gifts over are vested remainders absolutely expectant on that estate, being to take effect at all events on its determination, and not conditional limitations dependent on the·contingent determination of a prior estate for life."

See also: *Aulick v. Wallace,* 75 Ky. 531; *Ferson v. Dodge,* 23 Pick. 287.

Finding no error in the record, the judgment is affirmed.

Judgment affirmed.

Mr. Justice Hill and Mr. Justice Scott concur.