Charles F. Daggett et als., Trustees

*vs.*

Margaret G. Taylor.

Aroostook.    Opinion October 14, 1924.

*A devise in a will in the following language, "One half in common and undivided*
*interest of and in" several parcels or lots of real estate, to some of which testator had*
*the entire title and to others a fractional part of the title, construed as creating new*
*estates, titles in new undivided interests, both in the lots where he owned the entire*
*interest and in those in which he owned a fractional interest.*

On report.    A bill in equity seeking instructions in interpretating
certain parts of the will of Albert J. Taylor who died March 19, 1922.
The cause was reported to the Law Court.    Bill sustained.    Decree
in accordance with opinion.

The case is fully stated in the opinion.

*Cook, Hutchinson & Pierce,* for complainants.

*Edgar J. Rich,* for respondent.

Sitting: Cornish, C. J., Philbrook, Dunn, Morrill, Wilson, Deasy, JJ.

Morrill, J. Albert J. Taylor, a native of this State, and a resident here for forty-seven years, died in Orlando, Florida, where he had resided for the last nine years of his life, on March 19, 1922; he left a will dated February 25, 1922, which has been duly proved and allowed both in Florida and in this State; by the seventh item of said will he devised to the plaintiffs as Trustees, certain real estate described in said will as follows: .

"One-half in common and undivided interest of and in the following real estate situated in the North-half of Town of Wade, Aroostook County, Maine: Lots Fifty-three to Fifty-five, both inclusive. Lot Fifty-seven, Lots Fifty-nine to Sixty-two, both inclusive, Lots one Hundred and five and One hundred and eight and Lots One hundred and forty-four to One hundred and Sixty-nine, both inclusive. . Also in said Town of Wade one-half in common and undivided of Lots Seventy-five, Seventy-eight and Eighty-one.

"Also one-half in common and undivided interest of and in the following real estate in the plantation or town of Caswell, Aroostook County, Maine: Lots one hundred and eighteen, one hundred and forty four, and the west half of Lot one hundred and forty five.

"Also one-half in common and undivided interest of and in the following described real estate situated in the town of Perham, Aroostook County, Maine: Lots Twenty, Twenty one, twenty-one and one-half, Twenty-two and West half of Sixty-eight.

"If any above lands are under permit to cut lumber at time of my death then one-half the stumpage due and unpaid at that time shall go to this trust and the other half to my general estate."

He bequeathed and devised the residue and remainder of his estate to his wife, Margaret G. Taylor, the defendant, "absolutely and in fee simple."

At the date of the will and at the time of the testator's death, he owned two ninths in common and undivided of the lots above described as situated in the north half of the town of Wade, and the whole of lots seventy-five, seventy-eight and eighty-one in said Wade. He owned the whole of lots one hundred and eighteen and one hundred and forty-four, and the whole of the west half of lot one hundred and forty-five, in Caswell. He owned one half in common and undivided

of lots twenty, twenty-one, twenty-one and one half, and twenty-two and three fourths in common and undivided of the West half of lot sixty-eight, in Perham.　These lots are wild land.

The issue presented for our decision is between the trustees and the residuary devisee.　The trustees contend that they take all the testator's title where he owned one half or less of the several parcels mentioned; that in the parcel where he owned a three fourths interest in common and undivided, they take a half and the residuary legatee a quarter of said parcel; and that where he owned the entire interest in the several parcels, the trustees take one half and the residuary devisee one half of said parcels.　The residuary devisee contends that the testator's holdings in these lands are devised in equal shares to the trustees and the residuary devisee.

It thus appears that in applying the language of the will to the subject matter of the devise a latent ambiguity is disclosed, which it becomes the duty of the court to solve by determining the intention of the testator.　The rule by which the court must be guided is well recognized.　The intention of the testator is to be sought in the language of the will, taking into consideration all parts of the instrument and interpreting it in the light of facts and conditions existing at the time the will was made, which may be supposed to have been in the mind of the testator; *Palmer* v. *Estate of Palmer*, 106 Maine, 25, 28.　*Tibbetts* v. *Curtis*, 116 Maine, 336, 339; and courts will change or mould the language of the will in order to give to it its intended effect, (*Hopkins* v. *Keazer*, 89 Maine, 347, 355), with the avowed object of dispelling the effect of some inaccurate, or inappropriate use of language on the part of the testator or his scrivener, and making the will interpret what he obviously meant, just as though his ideas had been clearly and correctly expressed in the instrument; (1 Schouler on Wills.　Fifth Ed., Sec. 477, Page 597) but the court will not permit "conjectural interpretation to usurp the place of judicial exposition."　1 Jarman on Wills, Randolph & Talcott's, Fifth Am. Ed. 736.

At the outset, it is apparent that if the testator had intended to devise to the trustees, as claimed by their counsel, his entire interest in the lots in the North half of the town of Wade, of which he owned two ninths in common and undivided, the phrase, "one half in common and undivided interest in and to," has no application; so, with reference to the four lots in the town of Perham, of which he

owned one half in common and undivided, the phrase, while not inappropriate, is unnecessary; in both instances the mode of expression most naturally occurring to the mind of a scrivener, if the contention of the trustees is correct, would omit the phrase altogether and substitute: "All my interest in the following real estate situated in the North half of the Town of Wade." . . . . "All my interest in the following described real estate situated in the Town of Perham."

The testator knew the extent of his holdings; he was familiar with the ownership in common of wild lands in Maine, with methods of managing such interests, and with cutting under stumpage permits. Throughout the entire seventh item the testator uses the words, "one half in common and undivided interest in and to," at the beginning of each sentence describing the lots in the different townships, both where he owned the entire interest and where he owned an interest in common. This studied, recurring use of the same words should not be attributed to the mistake of the scrivener or testator, unless all other conclusions fail. They should, if possible, be given effect.

We are of the opinion that by the use of this language the testator intended to create new estates, titles in new undivided interests, both in the lots where he owned the entire interest and in those in which he owned a fractional interest, and that he intended to divide equally all his holdings of the wild lands in question between the trustees of the trust created for the benefit of his brother and his brother's daughter, and his widow. He used the same phraseology throughout the devise to accomplish the same purpose relative to his different holdings. *Blaine* v. *Dow,* 111 Maine 480, 484.

The will discloses that the testator had in his mind that a substantial sum of money would probably be due at his death from stumpage contracts on these lands; realizing this, he divided the amount equally between the trust and the residuary estate. This provision supports our interpretation of the will. It is very improbable that a testator having in his mind so fully the character and condition of his property as this testator had, would divide his wild lands in one proportion, and the stumpage payments arising therefrom in another proportion, between the same parties.

The language of the will as to lots seventy-five, seventy-eight and eighty-one, in Wade, and as to the lots in Caswell, owned wholly by

the testator, is clear and without ambiguity. As applied to the lots in the North half of Wade, of which he owned two-ninths, and to the lots in Perham, of which he owned one half, and to the half lot in Perham, of which he owned three fourths, it is elliptical, and we have but to supply the omitted words, "of my" before the word "interest" to harmonize the language of the entire devise. Courts interpreting wills have frequently supplied words so as to bring out the testator's obvious meaning, 1 Schouler on Wills, Fifth Ed., Sec. 477, Page 596; and have the right where the estate or quantity of interest disposed of by a testator is in dispute, to look out of the will and be guided in the construction of it by the effect, if any, which the circumstances of the case may have upon it. Wigram on Wills, Proposition V., star Page 72. 1 Schouler on Wills, Fifth Ed., Sec. 589.

It is accordingly the opinion of the court that it was the intention of the testator to devise to the plaintiffs in trust one half in common and undivided of his interest in the wild lands in question, and the other half to the residuary devisee.

The bill is sustained. The trustees having acted for the protection of the trust, are entitled to charge their taxable costs, and their counsel fees allowed at $250, against the trust estate.

> *Bill sustained.*
> *Decree in accordance with*
> *opinion.*