## No. 11,938.

### ESTATE OF SKEEL.

### CARMICHAEL, ET AL. *v.* COLE, ET AL.

Decided April 30, 1928.

On petition for construction of a will. Decree for petitioner.

### *Affirmed.*

1. WILLS—*Construction—Interest.* Unless the expressed intention of the testator clearly appears in the will to the contrary, a vested, rather than a contingent, interest is created.

2. *Trust Fund—Vested Remainder.* The fact that a trustee is appointed under a will to invest and preserve the corpus of a fund and pay the net income to a person named, during her life, which fund was to revert to the residuary estate upon the death of the beneficiary, did not prevent the vesting of a share in the residuary estate in a legatee at the time of the death of the testatrix.

3. WORDS AND PHRASES—*"Revert."* "Revert" means to return to, or come back to.

4. WILLS—*Construction—Vested Remainder.* Where a legatee was bequeathed by words in the present tense, two-thirds of a residuary estate, it is held, that the bequest included two-thirds of a trust fund, the net income of which was to be paid to a beneficiary during her life, and which, under the terms of the will reverted to and became a part of the residuary estate upon the death of the beneficiary, and that such interest vested in the legatee and his heirs upon the death of the testatrix.

5. WORDS AND PHRASES—*"Remainderman."* One who takes a remainder is a remainderman.

6. WILLS—*Construction—Vested Remainder.* Where by will a legatee was given an interest in the residuary estate of the testatrix, it is held under the facts appearing, that the intention of the testatrix was to give him a vested interest therein available during his lifetime, and upon his death, if undisposed of, such interest was to be a part of his estate.

7.   *Construction—Intestacy.*   It is a rule of construction of wills
     that intestacy is not favored, and that a testator is presumed, when
     he makes a will, to dispose of all of his property thereby.

*Error to the County Court of the City and County of
Denver, Hon. G. A. Luxford, Judge.*

Messrs. BRANN, VAN DUYN, BOEKEL & ROWE, Mr.
ALBERT J. GOULD, JR., for plaintiffs in error.

Mr. WILLIAM D. CHAPPLE, Messrs. BENEDICT & PHELPS,
for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the
court.

THIS suit was brought by The Colorado National
Bank, as trustee, to have certain provisions in a will
construed for its guidance.

The thirteenth paragraph of the will of Allie C. Skeel
is as follows: ''I give and bequeath Twenty Thousand
Dollars ($20,000.00) to J. Geoffrey McMurry and Wil-
liam A. Moore, of Denver, Colorado, and the survivor
of them; but, nevertheless, in trust, and upon the uses
and trusts and for the purposes following, namely:  To
be held, managed and invested, and from time to time,
as need be, reinvested, by the said trustees or surviving
trustee, for the benefit and advantage of Alice E. Car-
michael, the widow of my deceased brother, Daniel F.
Carmichael, now residing in Los Angeles, California,
in such good and productive stocks, bonds, mortgages
or other forms of investment as shall, in the judgment
of said trustees or surviving trustee, be deemed best,
and as will produce a regular income, the whole net in-
terest or income of which fund is to be paid over by said
trustees quarterly to Alice E. Carmichael during her

natural life, and upon her death said trust fund shall revert to and become a part of my residuary estate."

The twenty-seventh paragraph provides: "I give, devise and bequeath all the rest and residue of my estate, real, personal or mixed, wheresoever situate, and whether now owned or hereafter acquired, including that which may revert from any cause, whether hereinbefore provided for or not, two-thirds thereof to Henry Carmichael, and one-third thereof to Edward Carmichael, to them, their heirs, administrators and assigns forever."

The Colorado National Bank was appointed trustee to succeed McMurry and Moore, deceased.

The will was made January 23, 1919. The testatrix died October 10, 1922. Henry Carmichael, a brother and residuary legatee, died January 28, 1924, without children, willing his property to his widow, Annie D. Carmichael, who on August 25, 1924, died intestate, leaving no children. Alice E. Carmichael died November 19, 1926. Thereupon there arose a question as to the disposition of two-thirds of the $20,000 mentioned in the thirteenth paragraph of the will. The plaintiffs in error, Edward Carmichael, Almet S. Carmichael, Adelaide C. Lumgair and Mabel C. Northup, are the nephews and nieces and sole heirs at law of Allie C. Skeel (the testatrix) and also of Henry Carmichael. As such, they claim the fund in question. Defendant in error Albert E. Cole claims the fund as administrator de bonis non c. t. a. of the estate of Henry Carmichael, and his claim was upheld by the county court. If Henry Carmichael had an interest in the fund that vested upon the death of the testatrix, Allie C. Skeel, the judgment should be affirmed; but if no interest in the fund was to vest in him except upon the contingency of his surviving Alice E. Carmichael, the judgment should be reversed.

1. Whether the interest was vested or contingent depends upon the intention of the testatrix. The rules of construction are merely aids in ascertaining that intention. Unless the expressed intention of the testatrix

"clearly appears in the will to the contrary," a vested, rather than a contingent, interest is created. *Hignett v. Sherman,* 75 Colo. 64, 224 Pac. 411; *Greenwood v. Greenwood,* 63 Colo. 445, 167 Pac. 1179; *Cook v. McDowell,* 52 N. J. Eq. 351, 30 Atl. 24; Page on Wills (2d Ed.) §§ 1110, 1121. In the present case, after making various bequests, the testatrix, by words in the present tense, devised and bequeathed the residue of her estate, "whether now owned or hereafter acquired, including that which may revert from any cause,  *  *  * two-thirds thereof to Henry Carmichael, and one-third thereof to Edward Carmichael, to them, their heirs, administrators and assigns forever." This paragraph and the thirteenth paragraph, read together, show an intent on the part of the testatrix to give to Henry Carmichael a vested interest in two-thirds of the entire residuum, including the fund in the income of which Alice E. Carmichael had a life interest; the possession, and that alone, being postponed until the death of Alice E. Carmichael.

2. The fact that trustees were appointed to take, invest and preserve the corpus of the fund, and pay the income to Alice E. Carmichael during her life did not prevent the vesting of the remainder in Henry Carmichael upon the death of the testatrix. *Hignett v. Sherman,* 75 Colo. 64, 224 Pac. 411; *Cook v. McDowell,* 52 N. J. Eq. 351, 30 Atl. 24; *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6.

3. Counsel for the plaintiffs in error lay stress upon these concluding words of the thirteenth paragraph of the will: " *  *  * and upon her death said trust fund shall revert to and become a part of my residuary estate." They contend that upon the death of Alice E. Carmichael the trust fund, for the first time, became a part of the residuary estate, and that, as Henry Carmichael died before this occurred, he could not have had a vested interest in the fund. We are not impressed with the force of this argument. To "revert" to the

residuary estate means to return to, or come back to, the residuary estate; it implies that it once was a part of the residuary estate, and is again to become a part thereof. The intent of the testatrix, as we construe the will, was to give to Henry Carmichael a vested interest in the corpus of two-thirds of the residuary estate, subject to the right of Alice E. Carmichael to receive during her life the net income derived therefrom.

4. It is contended that, as the will requires the fund to return to the residuary estate, upon the death of Alice E. Carmichael, instead of using the words "remainder to Henry Carmichael," or words equivalent thereto, Henry Carmichael was not a remainderman at all, and therefore could not have had a vested remainder. But Henry Carmichael was bequeathed, by words in the present tense, two-thirds of the residuary estate; the fund in question constituted a part of the residuary estate; therefore, he was bequeathed two-thirds of that fund. Out of that bequest, there was carved a life interest in the income derived from the fund; Henry Carmichael took what remained, that is to say, the remainder; and one who takes a remainder is a remainderman. We wish to avoid, so far as possible, becoming involved in the technical subtleties that, in a discussion of the subject of vested and contingent remainders, frequently confuse. At best, it is a difficult subject to handle. Referring to Blackstone's chapter on the subject, Chancellor Kent (Com. 14th Ed. Vol. 4, p. *208, note) says: "It far surpasses them all, if we take into one combined view its perspicuity, simplicity, comprehension, compactness, neatness, accuracy, and admirable precision. I have read the chapter frequently, but never without a mixture of delight and despair."

5. It is said that blood relatives have a stronger claim upon the bounty of the testatrix than have strangers to the blood; that the testatrix has indicated a preference for her blood relatives by giving them the corpus of various bequests, whereas, in case of relatives

not of her blood, she has given only the income for life. It is suggested that if the interest of Henry Carmichael is held to have vested upon the death of the testatrix, the share of the fund bequeathed to him would pass to his wife, and, upon her death, to her heirs, who are not related by blood to the testatrix; whereas, if the bequest were held to be contingent upon Henry Carmichael's surviving Alice E. Carmichael, such share would go to blood relatives of the testatrix; and that for this reason the latter construction should be adopted. Where large amounts are involved, the testatrix, it is true, has thus favored her blood relatives, in most instances, but not in all. She bequeathed to her nephew Almet S. Carmichael $20,000, but if he should die before the testatrix, said money is to go to trustees, one-half the income to be paid to Almet's widow and one-half to Almet's two children. When the younger child shall attain the age of twenty-one years, the principal is to be paid, one-half to Almet's wife, the other half to his children. Almet's wife does not appear to be, and probably is not, a blood relative of the testatrix. In case of the failure of the bequest by the death of the legatees, the fund is to "revert to and become a part of" the residuary estate. There is also a bequest of $30,000 to Henry Carmichael, with the proviso that should he die before the testatrix, the money should go to trustees, the income to be paid to his widow for life, and upon her death, the fund to "revert to and become a part of" the residuary estate. A trust fund of $5,000 was created, the income to be paid to Adelaide Skeel Kelley for life, and upon her death the fund is to "revert to and become a part of" the residuary estate. Certain household furniture and effects, beds, bedding, linen, silverware and wearing apparel were bequeathed to Edward Carmichael's wife, who does not appear to be, and probably is not, related by blood to the testatrix. There are many other bequests—several of substantal sums of money. The legatees, in several instances, certainly are not blood

relatives of the testatrix, and in many other instances the legatees are not shown to be her blood relatives. The courts give due weight to the natural desire of testators to prefer their blood relatives. *Westlake v. Westlake*, 83 Colo. 540, 266 Pac. 714. That fact, however, does not, as the plaintiffs in error contend, operate wholly in their favor. Henry Carmichael also was a blood relative of the testatrix; indeed, he was more closely related by blood than are the plaintiffs in error. He was the brother of the testatrix, whereas the plaintiffs in error are merely her nephews. She gave him a bequest of $30,000. She gave him two-thirds of the residuary estate. In every instance where a bequest of income was made, the will provides that on failure of the bequest, the fund shall revert to the residuary estate. Throughout the entire will are displayed her confidence in and affection for her brother, evidenced by a desire that he should have much the largest share of her estate. Is it conceivable that she wished to limit her brother to a mere contingent interest in order that comparatively remote relatives (her nephews) may enjoy the full ownership of the fund, and, if they choose, give it or will it to persons who are strangers to the blood of the testatrix? Giving it to her nephews would no more insure its remaining with her blood relatives than would giving it to her brother; and, as between her brother and her nephews, it was but natural for her to give preference to the former. In *Hignett v. Sherman*, 75 Colo. 64, 84, 224 Pac. 411, 419, we said that "unless the expressed intention of the testator clearly appears in the will to the contrary, an absolute, rather than a qualified, * * * interest or estate is created." There is no satisfactory reason shown why there should be a desire on the part of the testatrix to defer the vesting of the interest in her brother until the death of Alice E. Carmichael, and to make it contingent upon his surviving Alice. Rather it is apparent that the intention was to give him a vested interest, that he could make

available by assignment during his lifetime, and that upon his death, if not previously disposed of, would become a part of his estate.

6. In *Hignett v. Sherman*, 75 Colo. 64, 84, 224 Pac. 411, we recognized the well-established rule of construction that intestacy is not favored, and that a testator is presumed, when he makes a will, to dispose of all of his property. If the interest of Henry Carmichael was intended to vest only upon the contingency of his surviving Alice E. Carmichael, there would be an intestacy as to the fund in question, and in certain circumstances there might be intestacy as to most of the estate. There is nothing in the will that justifies the supposition that the testatrix intended any such result.

The trial court was right in holding that the testatrix intended that the two-thirds interest in the $20,000 should vest in her brother, Henry Carmichael, immediately upon her death, and that it did so vest in him; and in ordering the fund to be paid to Albert E. Cole, as administrator of his estate.

The judgment is affirmed.

MR. JUSTICE WHITFORD and MR. JUSTICE WALKER did not participate.