## No. 27239

**In Re Question Submitted by the United States Court of Appeals for the Tenth Circuit, Concerning the Nature of a Future Interest Subject to a Condition in Civil Action No. C-4205 in the United States District Court for the District of Colorado Entitled United States of America v. United Banks of Denver, as Trustee of the Trust created by the Last Will of Carl J. Martinson, and William Arthur Martinson**

(553 P.2d 382)

Decided August 23, 1976.

Scott P. Crampton, Assistant Attorney General, Gilbert E. Andrews, Attorney, Department of Justice, Crombie J. D. Garrett, Attorney, Department of Justice, Karl Schmeidler, Attorney, Department of Justice, John G. Manning, Attorney, Department of Justice, Of Counsel: James L.

Treece, United States Attorney, for plaintiff-appellant.

Reardon, Reardon and Reardon, Gene W. Reardon, for defendants-appellees.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is in response to a question certified under C.A.R. 21.1 by Chief Judge Lewis of the United States Court of Appeals for the Tenth Circuit. The question reads:
"Under Colorado law, is the interest of William Arthur Martinson (taxpayer) in the trust created in his name under his father's will a future interest subject to a condition precedent where the interest of the taxpayer cannot be enjoyed until the death of a preceding life tenant?"

Briefs have been filed in this court both by appellant United States and by appellee United Banks of Denver (the Bank). We have carefully considered these briefs and those filed with the Court of Appeals for the Tenth Circuit. We hold that, pursuant to controlling precedent in Colorado, the remainder interest created by testator Carl J. Martinson in his will vested in William Arthur Martinson (the taxpayer) upon testator's death.

Carl J. Martinson, taxpayer's father, died leaving a will which made certain specific bequests and bequeathed the remainder of his estate in trust to the Bank to be divided into several trust funds. One of the trust funds — the Mabel Martinson Trust — was to provide testator's wife with the income for life and so much of the principal therefrom as in the Bank's sole discretion it would deem advisable for her care, support, and maintenance. Upon her death the fund in her name was to terminate, and three-fourths of the remaining principal and any accrued income was to form the corpus of the Carl J. Martinson Trust. From the income and so much of the principal as might be necessary, the Bank was to pay over to the taxpayer $1,000 per month for his life or until the fund was exhausted. No part of the fund was to be liable for any debts of the taxpayer or for other claims of any kind against him. In the event of taxpayer's death before the entire fund should be distributed to him, the will provided that the balance of the principal and income of the fund was to be divided equally among three other trust funds.

The testator's widow elected to take her statutory share of her husband's estate under Colorado law in lieu of the provisions contained in the

will. Upon a petition by the executor of the testator's estate for construction of the will, the Denver probate court decreed that the widow's election to take her widow's one-half share of the estate rendered the legacy to her under the will ineffective. The court ruled that, in accordance with the will, three-fourths of the portion of the estate which would have formed the corpus of the trust fund in her name should be distributed to the Bank as trustee of the trust fund in taxpayer's name. The probate court's decree also provided that the stipulated payments of $1,000 per month to taxpayer should not be made out of principal of, or income retained in, the fund until the death of Mabel Martinson.

The cause now pending in the United States Court of Appeals for the Tenth Circuit concerns an attempt by the United States to establish a federal tax lien under 26 U.S.C. § 6321 on the taxpayer's interest in the trust created in his name by his father's will. The classification of taxpayer's interest will be dispositive of the matter. The United States District Court held that taxpayer's interest, under Colorado law, was contingent and, as such, did not constitute "property" or "rights to property" to which a tax lien might attach. We hold that Colorado law is contrary to the decision of the District Court.

It is a basic tenet in Colorado that in classifying an interest created in a will, the intent of the testator must control if not contrary to public policy. Rules of construction are merely aids in interpreting testamentary language.

The relevant portion of Carl J. Martinson's will is unambiguous. In essence, paragraph fifth thereof directs that the residue of his estate be divided among several persons. Three-eighths of the residue was to be put in trust for testator's widow as tenant for her lifetime. But if testator's wife had predeceased him, those moneys were to have been divided into two funds elsewhere described in the will.

The will further provides that if testator predeceases his wife, upon her death three-fourths of the balance in her trust fund should be put into the trust fund of testator's son (taxpayer), who would receive $1,000 per month therefrom.

Testator did in fact predecease his wife. But her action in electing to take her statutory widow's share of decedent's estate automatically nullified the testamentary provisions pertaining to her. However, in order correctly to determine the nature of taxpayer's legacy, all provisions of the residuary clause must be read together.

By the language above synopsized, it is obvious that testator desired to provide both for his widow and for his son. To his widow he left a life estate in the trust property in her name; to his son, he left a remainder over at her death. Thus, at the very moment of testator's death, the life estate was vested in the widow, as was the remainder in the son. *Hignett v. Sherman*, 75 Colo. 64, 224 P. 411 (1924).

The probate court made certain findings regarding equitable adjustments among the residuary legatees, and also ruled that the moneys intended for taxpayer should "not be distributed [to taxpayer] but shall be accumulated until the death of [widow]." It ruled that despite the widow's action in electing not to take under the will, "there shall be no acceleration of the enjoyment of principal or interest by taxpayer." This unchallenged ruling of the probate court did not affect the nature of the testamentary interest of taxpayer. By that court's own language, "the dominant intent of the [t]estator was to postpone the enjoyment of the William Arthur Martinson Fund . . . until the death of [widow]." Thus, it was the enjoyment only that was delayed.

There are several cases in Colorado which were based upon facts similar to those which exist here. In one of these a decedent had executed a will in which he created for his two daughters from the residuum of his estate equal trusts with similar provisions. The daughters were life tenants and their children were remaindermen. This court agreed with plaintiff's counsel that the grandchildren had a vested estate or interest in the trust; but it was an estate subject to being divested upon the happening of a *condition subsequent.* "The condition in [that] case was the death of one or more of the life tenant's children prior to her own death." *Burden v. Bank,* 116 Colo. 111, 179 P.2d 267 (1947).

Another similar Colorado case is *Morris v. Bailey,* 32 Colo. App. 342, 513 P.2d 746 (1973). There, the will's first provision was for disposition of testator's property at his death: to his wife for life. Next, testator provided for disposition of the property to his children upon his widow's death. In order for a child of testator to receive his portion, it was necessary that he survive both the testator and the life tenant. The Colorado Court of Appeals cited the *Restatement of Property* § 157, which indicates that a remainder vested subject to complete defeasance "arises when the duration of the remainder is measured by a life which may end before the end of the prior interest." Accordingly, the court held that the son's interest was a vested remainder subject to complete defeasance upon his death before the death of the life tenant.

In *Barnard v. Moore,* 71 Colo. 401, 207 P. 332 (1922), this court held that an interest acquired by a remainderman in a case such as the one at bar was of the class called "a fee simple subject to a conditional limitation" distinguished from a determinable fee in that the condition upon which it determined was in the nature of a condition subsequent and not a limitation on the original estate.

In *Liebhardt v. Avison,* 123 Colo. 338, 229 P.2d 933 (1951), this court disagreed with argument of counsel which was the same as the argument of defendants-appellees in the United States court. This court held that in such a case the remainder interest was vested.

*Hignett v. Sherman, supra*, also involved a conflict over the interest created in the residuary clause of a will, wherein was created a life estate with remainder over. Therein this court held that this was a direct and immediate devise and bequest of the residuary estate for the benefit of the life tenant and the remaindermen. It was not the technical name or classification that was important, but the fact that at the time of testator's death, the designated remaindermen had a vested, absolute, equitable estate, subject only to the legal title of the trustees.

The *Hignett* court said that

"[a]n attempt to reconcile the conflicting decisions in this country . . . on the subject of vested and contingent remainders is as futile as it would be useless. Rarely, if ever, are any two wills alike, either in their general scheme or language. Some of the apparent conflicts are thereby easily accounted for by these differences. . . .

. . . .

". . . Many attempts at description and definition have been made, not always with success. Possibly Chancellor Kent's definition is as acceptable as any. . . . In 4 Kent's Commentaries, (14th Ed.) p. 202, *et seq.*, that learned jurist said: 'An estate is vested when there is an immediate right of present enjoyment, or a present fixed right of future enjoyment.'

". . . It is not the uncertainty of enjoyment in future, but the uncertainty of the right to that enjoyment, which marks the difference between a vested and contingent interest."

■ Finally, in *Jones v. Pueblo Co.*, 103 Colo. 455, 87 P.2d 2 (1939), this court looked to the intent of the testator and also cited the legal maxim that the law favors the early vesting of estates, especially when given to children or those standing in like relation to the testator. Under such circumstances, this court said, the law will impose such a construction of the terms of a will as will create a vested estate if possible. Quoting an Illinois case, it held that "'[a]n estate will vest at the death of the testator unless a later time for vesting is clearly expressed by the words of the will or by necessary implication therefrom. *Carter v. Carter*, 234 Ill. 507, 85 N.E. 292.'"

In the present case, from testator's language it is reasonable to conclude that he wished to make a bequest to taxpayer that would not interfere with his making provision for the needs of his wife. The taxpayer's enjoyment of his legacy has been postponed. But, according to a proper construction of this bequest and following the controlling precedent in Colorado, the taxpayer's interest vested in him immediately upon testator's death.

■ Therefore, we answer the question certified to us by the Court of Appeals for the Tenth Circuit, *viz.*, as follows: under Colorado law, the interest of William Arthur Martinson (taxpayer) in the trust created in his name under his father's will, is *not* a future interest subject to a condition

precedent. The condition of survival is a condition subsequent. Taxpayer has a vested right to the moneys designated for him, but that right is subject to complete defeasance in the event he does not survive the life tenant, testator's widow.

MR. JUSTICE LEE does not participate.