(No. 13583.—Decree affirmed.)

WILLIAM R. POWER, Appellant, *vs.* MATTIE E. POWER *et al.* Appellees.

*Opinion filed February 15, 1921—Rehearing denied April 8, 1921.*

1. WILLS—*when member of a class is expressly excluded from sharing in a devise.* Where a testator devises a life estate to his grandson with remainder in fee to the children of said grandson "born in lawful wedlock," or to their descendants, and disposes of the remainder if there are no such children or descendants, a subsequent provision expressly excluding from the benefits of the devise a certain described child, "alleged to be the child of my said grandson," precludes said child or his descendants from sharing in the devise at any time, although the child was born in lawful wedlock and was the only child ever born to the grandson.

2. SAME—*conditions subsequent are preferred to conditions precedent.* The courts prefer conditions subsequent to conditions precedent, and when the terms of a devise will admit of any other reasonable interpretation they will not be held to create an estate to vest upon the performance of a precedent condition.

3. SAME—*when devise of life estate on condition of occupancy is not on a precedent condition.* A devise of a life estate on condition that the life tenant occupies the premises, with a devise over in case of a breach of the condition, is not upon a precedent condition, but the occupation of the premises is a continuing condition, to be performed subsequent to the vesting of the estate.

APPEAL from the Circuit Court of Sangamon county; the Hon. NORMAN L. JONES, Judge, presiding.

GREEN & PALMER, and CAREY E. BARNES, for appellant.

WILLIAM L. PATTON, and EDWARD F. IRWIN, (HUGH J. GRAHAM, guardian *ad litem,*) for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, William R. Power, filed his bill in the circuit court of Sangamon county praying the court to construe the will of his great-grandfather, George Power, and to declare and adjudge him a legatee and devisee under the will. He alleged that he was the only child of William E. Power, born in lawful wedlock and living at the time of the death of the testator, and therefore by the terms of the will was a legatee of a share of the personal estate and became seized in fee simple of real estate described in the will, subject only to the rights and privileges therein granted to his father, William E. Power. The complainant's father, William E. Power, and the other legatees and devisees under the will, and their grantees and mortgagees and the three minor children of the complainant, were made defendants. The bill was answered, the three minor children answering by their guardian *ad litem,* and the cause was referred to the master in chancery to take and report the evidence. During the pendency of the suit the defendant William E. Power died, and Mattie E. Power, his widow and sole devisee, was substituted as defendant. Upon a hearing the court dismissed the bill for want of equity, and an appeal was prosecuted to this court.

George Power was the owner of over two thousand acres of land in Sangamon county and personal property to the amount of $15,000 or more. He died on August 5, 1886, leaving a last will and testament made on November 1, 1882, disposing of the land and personal property. By item 2 he devised to his wife, Nancy Power, a life estate in the homestead and personal property, and provided that at her death the personal property remaining should be equally divided among the children of his son, James E.

Power, and the grandchildren of his deceased son, William D. Power, born in lawful wedlock, but Nancy Power died before the testator, so that the personal property went directly to the legatees named in that item. The testator left surviving him as his only heirs-at-law, his son, James E. Power, and his grandchildren, Araminta L. Dalbey, George D. Power, Mary E. Brown and William E. Power, children of his deceased son, William D. Power. William E. Power was the father of the complainant. By separate items of the will the testator devised different tracts of land to his son, James E. Power, and to each of the four children of his deceased son, for life, with remainder in each case to the children of the life tenant, the children or descendants of any deceased child of a life tenant to take the parent's share, with cross-remainders in default of such children or descendants. Aside from the bequest of personal property, the items of the will under which the complainant claimed any right or interest are as follows:

"*Item Sixteenth*—I give and bequeath to my grandson William E. Power the individual and personal use, occupation and enjoyment of the following described real estate, to-wit, [describing 260 acres,] to have and to hold the same to the personal and individual use and occupation of the said William E. Power for and during the term of his natural life. This gift and bequest is made upon the express and only condition that the said William E. Power in his own proper person use and occupy the said described real estate in this item mentioned. If the said William E. Power shall fail, neglect or refuse to use and occupy said premises in his own proper person, or should he attempt to sell, dispose of or lease any part or all of said premises, it is my will that he shall then and thereby forfeit all rights or privileges under and by virtue of this item in this my last will and testament, and the real estate in this item described shall immediately become the property of the persons named in item seventeenth of this will.

"*Item Seventeenth*—I give, devise and bequeath to the children of my said grandson William E. Power born in lawful wedlock, all the real estate described in item sixteenth of this will, in fee simple forever. If any of the said children of my said grandson William E. Power shall die leaving descendants, then such descendants shall take and hold the share of the deceased parent. This gift and bequest is made subject to the estate created by item sixteenth in the said William E. Power.

"*Item Eighteenth*—If my said grandson William E. Power shall die leaving no child or children born in lawful wedlock, nor descendants of such child or children, then it is my will, and I do hereby direct, that the real estate described in item sixteenth shall descend to and become the property of the grandchildren of my deceased son, William D. Power, born in lawful wedlock, to be equally divided between them, share and share alike.

"*Item Twenty-second*—The child born to the woman formerly known as Amelia McKinley and alleged to be the child of my said grandson William E. Power is expressly excluded from the children named and referred to in item seventeenth of this my last will and testament. It being my express will that the said child of the woman formerly known as Amelia McKinley and alleged to be the child of my said grandson William E. Power shall have no share, lot or part in my said estate or in the distribution thereof."

Before the execution of the will the testator's grandson William E. Power, named in the above items of the will, had married Sarah Amelia McKinley on February 9, 1880, and she was known as Amelia McKinley. On April 2, 1880, a child was born, and it was stipulated in the suit that the complainant, William R. Power, is that child. On October 28, 1881, Sarah Amelia Power, the mother of the complainant, procured a decree of divorce from William E. Power, and he afterward married Mattie E. Power and died during the pendency of this suit, leaving his wife as his sole devisee.

In making devises of remainders after life estates to the children of James E. Power, George D. Power and William E. Power, the testator in each case limited such remainder to children born in lawful wedlock, which would include the complainant, William R. Power, since he was born after the marriage of his father to Sarah Amelia McKinley. As to him the testator added item 22, describing him as the child born to the woman formerly known as Amelia McKinley and alleged to be the child of his grandson William E. Power, and expressly excluded him from the children named and referred to in item 17. He declared it to be his express will that said child should have no share, lot or part in his estate or in the distribution thereof. William E. Power had no other child when the will was made, in 1882, or at the death of the testator, in 1886, and he never had any other, and died leaving his second wife his sole devisee, but there cannot be any serious doubt that the intention of the testator was to make the devise of the remainder after the life estate to the children of William E. Power as a class who might be born in lawful wedlock, except the complainant. That he had a right to do this is unquestionable. (*Willis* v. *Watson,* 4 Scam. 64; *Dickison* v. *Dickison,* 138 Ill. 541; *Johnson* v. *First Nat. Bank of Charleston,* 192 id. 541; *Powell* v. *McDowell,* 194 id. 394.) The fact that the complainant was the only child who had then been born to the life tenant, William E. Power, or that the remainder would be contingent until the birth of another child, cannot affect or alter the conclusion as to the intention of the testator. It is true that a testator cannot by his will merely exclude his heirs and not devise the property to anyone else, but that rule does not apply here, because the testator did devise the remainder.

It is argued that by item 16 the testator did not devise to William E. Power a life estate or freehold estate in the land therein described but only gave him rights and privileges which could be considered as a burden upon the fee,

and therefore there was a direct, present and immediate devise to a class of which the complainant was the only member when the will was made and when it took effect, and he took the fee burdened by the privilege or license given to his father, William E. Power, by item 16. That view of the devise is not correct, since it was neither in form or substance upon a condition precedent which was to be performed before the estate devised could vest. The courts always prefer conditions subsequent to conditions precedent, and when the terms of the devise will admit of any other reasonable interpretation they will not be held to create an estate to vest upon the performance of a precedent condition. In this case there was nothing which the devisee was required to do before the estate would vest, and the personal occupation of the premises would not naturally precede the vesting of the life estate but would accompany and run with the estate. There was nothing in the nature of a consideration for the devise, and the personal occupation of the premises was a continuing condition, to be performed subsequent to the vesting of the estate. This is made practically conclusive by the provision for re-entry,—that upon breach of the condition the property should immediately become the property of the persons named in item 17. The life estate was devised to William E. Power subject to the condition. (*Springfield and Northeastern Traction Co.* v. *Warrick,* 249 Ill. 470; *Latham* v. *Illinois Central Railroad Co.* 253 id. 93; *Nowak* v. *Dombrowski,* 267 id. 103; *Green* v. *Old People's Home,* 269 id. 134; *Sherman* v. *Town of Jefferson,* 274 id. 294.) There was no devise of a present estate to the children of William E. Power as a class, and if the will could be construed as if there had been, the complainant could not have taken even if it had resulted in an intestacy. The remainder after the life estate was devised to the children of William E. Power, excluding the complainant, and if the life tenant should die leaving no other descendant, the remain-

der was devised to the grandchildren of William D. Power born in lawful wedlock, to be equally divided among them.

Various deeds were made by William E. Power and the other heirs-at-law and devisees in an apparent attempt to merge whatever interest William E. Power had in the land with supposed reversionary interests vested in the heirs of the testator, with a re-conveyance to William E. Power in fee simple, and William E. Power died devising the same property to his second wife, who was substituted for him as a party defendant. The infants by their guardian *ad litem* have assigned cross-errors, and allege that by making the conveyance William E. Power attempted to dispose of the land and thereby forfeited his life estate, and the minor defendants, children of the complainant, became the immediate devisees of the fee simple title under the language of item 16, and even if the complainant was excluded his children could take. As the complainant had no right or interest in the estate his children could not claim through him, and the substitutionary gift did not include his children. There is no condition or provision in the will under which they could become entitled to any share of the devise.

Not much is said about the personal estate, but it was distributed in 1889, and the time has long passed when an action could be maintained against the executor even if the court had construed item 22 as applying only to item 17 therein mentioned, so that such a construction would be of no benefit to the complainant.

The bill was not filed to obtain any construction or direction concerning any provision of the will or to aid in any way in determining its effect but only to enforce a supposed interest of the complainant by a construction which would give him the property. Under these circumstances the chancellor did not err in denying solicitor's fees to the complainant.

The decree is affirmed.

*Decree affirmed.*