## No. 11,628.

### HICKEY, ET AL. *v.* COSTELLO.

Decided January 17, 1927.

Proceeding involving the construction of a will.  Held that certain legacies had lapsed.

### *Affirmed.*

1.  WILLS—*Construction.*  In the construction of a will, every word and sentence must be made to have its just operation, unless there appear irreconcilable repugnance or some portion is ambiguous or unintelligible.

2.  *Construction.*  In the construction of wills, a rule to which all others must bend, is, that the intention of the testator expressed in his will must prevail.

3.  *Conditional Bequest—Lapse.*  Testator left money to each of her grandchildren to be paid when they reached the age of 25 years. Three of them having died before reaching that age, it is held that such legacies lapsed and became a part of the residuary estate.

4.  *Lapsed Bequests—Residuary Estate.*  A general residuary clause in a will carries with it legacies which for any reason have lapsed.

*Error to the County Court of the City and County of Denver, Hon. George A. Luxford, Judge.*

Mr. NICHOLAS LAKUSTA, Mr. GEORGE P. STEELE, for plaintiffs in error.

Messrs. EWING & ARNOLD, for defendant in error.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE will of Emily L. Smith was admitted to probate in February, 1910. At the time of her death her sole heirs at law were Cora I. Carnahan, now Mrs. Costello, and Frank L. Smith. The sole question presented for our determination is the construction of the fifth paragraph of her will, by which she made bequests to her six grandchildren, as follows: "Fifth: I give and bequeath to each of my grandchildren now living, namely, Harold S. Carnahan, Doris L. Carnahan, Emily E. Carnahan, Eben LeRoy Smith, Melvin Hill Smith, and Frank Leonard Smith, the sum of three thousand dollars ($3,000.00) the same to be invested by my executors, as soon as possible after my death, in interest bearing securities. And the said principal sum or sums, so invested for each of said children, together with the interest accrued, shall be paid to each of said children and become their absolute property when they respectively arrive at the age of twenty-five years. And in the event of the death of any child before arriving at the age of twenty-five years, the sum set apart for such child shall be held in trust for the benefit of the surviving brother or brothers, sister or sisters of such deceased child to be paid as an addition, in the proper proportion to the sum bequeathed to such surviving brother or brothers, sister or sisters and to be paid to them respectively when arriving at the age of twenty-five years."

After making various testamentary bequests, not material here, the testator provided, in paragraph tenth of the will, as follows: "Tenth: All the rest and residue of my estate—real, personal and mixed—of which I may die seized or possessed, wherever located, I give and bequeath to my daughter, Cora I. Carnahan, and my son, Frank L. Smith, in equal parts."

The testator named her daughter Cora and son Frank as executors. The son, Frank L. Smith, died, leaving surviving him his three sons, Eben, Melvin and Frank, mentioned in paragraph fifth. The daughter, Mrs. Costello, as executor, is defendant in error.

Eben LeRoy Smith was killed in France in the World War at the age of twenty-four years, leaving surviving him his widow, Margaretta Smith, now Margaretta Smith Hickey, one of the plaintiffs in error, as his only heir. Melvin Hill Smith died in California at the age of twenty-three years, leaving surviving him a wife, two sons and a daughter. The grandson, Frank Leonard Smith, died in Colorado at the age of twenty-four years, leaving surviving him a son and daughter. Lakusta is the executor of the wills of Melvin Hill Smith and Frank Leonard Smith.

The defendant in error, Mrs. Costello, as executor and trustee, petitioned the court praying for authority to distribute to the residuary legatees the trust funds in her hands, theretofore invested in securities for the benefit of the three Smith grandsons, created by the fifth paragraph of the will. The plaintiffs in error, on the contrary, prayed for distribution to the representatives of the estates of the three Smith grandsons. The court held that the three Smith legacies lapsed by reason of the death of the Smith grandsons before attaining the age of twenty-five years, and that the funds became a part of the residuary estate, and the plaintiffs in error come here for a review of that judgment, and pray for a supersedeas.

The single question presented for determination is whether, the three Smith grandsons having died before any one of them attained the age of twenty-five years, the legacies provided for them in the will lapsed and became a part of the residuary estate.

It is claimed by plaintiffs in error that a valid gift was made to each of the three Smith grandsons, and that the bequest took effect and vested in each of them as legatees immediately on the death of the testatrix. On the other hand, defendant in error contends that the bequest to the three Smith grandchildren created no present, fixed right of future enjoyment in the funds, but that their right of future enjoyment was postponed and made con-

tingent and conditional upon the grandsons respectively reaching twenty-five years of age.

Counsel for plaintiffs in error lay stress on the clause that the gift "shall be paid to each of said children and become their absolute property," but they give little or no consideration in their argument to the significance of the last sentence of the same paragraph of the will. It is a well established rule of construction that every portion of a will, including every word and sentence, must be made to have its just operation, unless there appears irreconcilable repugnance, or some portion is ambiguous or unintelligible. Another great rule in the exposition of wills, to which all other rules must bend, is that the intention of the testator expressed in his will shall prevail. *Smith v. Bell,* 6 Pet. 74, 8 L. Ed. 322. What, then, was the intention of Emily L. Smith when she made this paragraph of the will, the construction of which is before us for exposition? Did she intend to give to each of the Smith grandchildren $3,000 presently and absolutely, or only on the condition that they respectively reached the age of twenty-five years? If the first two sentences of the paragraph be considered alone, it can very plausibly be contended that the gift vested immediately in the donee; but we cannot ignore the last sentence of the paragraph in a just effort to discover the intention of the testator. By the last sentence she expressly directed that in case of death, the fund should be held in trust for the benefit of the surviving brother or brothers, only to be paid when the survivor or survivors respectively reached the age of twenty-five years. The bequest could not vest presently and absolutely, because of the uncertainty of death and survivorship. The last sentence of the paragraph makes it clear, we think beyond doubt, if we give the words there used their ordinary import, that the intention of the testator was not to make an absolute bequest, but a contingent and conditional one, to take effect only when the grandsons respectively reached the age of twenty-five years. See *Jackson's Es-*

*tate,* 209 Pa. 520, 58 Atl. 890; *Hignett v. Sherman,* 75 Colo. 64, 224 Pac. 411; *In re Rogers' Estate,* 94 Cal. 526, 29 Pac. 962; *Carper v. Crowl,* 149 Ill. 465, 36 N. E. 1040.

It is a well established rule that a general residuary clause contained in a will carries with it any legacies which for any reason have lapsed. 40 Cyc. 1569.

As all of the Smith grandsons died before reaching the age of twenty-five years, it follows that the trust fund intended as a bequest to them lapsed, and that the fund passed, under the residuary clause of the will, to the residuary legatees, and that the fund should be distributed accordingly.

Supersedeas denied, judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.