No. 12,605.

EHRENKROOK *v.* EHRENKROOK, ADMINISTRATRIX.

(9 P. [2d] 610)

Decided March 21, 1932.

Mr. DAVID H. MORRIS, for plaintiff in error.

Mr. A. L. DOUD, Mr. BENJAMIN GRIFFITH, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Charles, defendant in error as Florence, her deceased husband as George, one Cora B. Ehrenkrook as Cora, and the property involved as the Golden ranch. Cora was the mother of George and the latter was the uncle of Charles. George and Charles had had real estate dealings together.

George died May 3, 1927, and Florence was appointed administratrix with the will annexed. The Golden ranch stood in her name. Charles brought this suit alleging: (1) That in 1919 he and George agreed to buy the Golden ranch, each paying one-half of the first installment on the purchase price; that this was done and the deed taken in the name of Florence, who now repudiates her trust and claims ownership; (2) that George left a will directing the sale of the Golden ranch, at a given price and terms, to Charles, who stands ready, willing and able to so buy, and has tendered the required payments, but that Florence refuses to execute a deed. The answer admits title in Florence; denies the trust; admits the alleged provision of the will concerning the sale of the ranch; denies that Charles has complied, or offered to comply, with it; and alleges that when Florence took title she did so as the actual owner, and that in the purchase George acted as her agent. These allegations were divided into four separate defenses and issue was joined by replication. The cause was tried to the court January 7, 1930, and, to review the judgment thereupon entered in favor of Florence, Charles prosecutes this writ.

Of the twelve assignments eight go to questions of fact and amount simply to the assertion that the judgment is unsupported. The others go to rulings on the admissibility of evidence. These rulings were so clearly correct that the assignments require no consideration. Moreover, if the court was right on the facts these rulings were as clearly immaterial.

The trial court made specific and detailed findings, among which are: That there was no evidence of any

agreement between Charles and George whereby the former acquired any interest in the Golden ranch; that Florence acquired the property April 30, 1917, has been in possession ever since, has paid all taxes accruing, has paid the interest on a first encumbrance and has paid both principal and interest on a second; that Charles has paid nothing; that his sole connection with the ranch, shown by written and oral leases and a long course of correspondence, was as a tenant; that there is not a scintilla of evidence that Charles ever made any claim until after the death of George; that George himself never had any interest in the ranch, but acted only as the agent of Florence; that even if Charles had any rights under the will he had never made the tenders necessary to protect them; that his evidence was indefinite, inconsistent, incredible and false. These findings are overwhelmingly supported by the record.

█ Some of the most important of the facts so found were established by evidence wholly omitted from the abstract. This necessitated a supplemental abstract and the cost thereof is accordingly taxed to plaintiff in error. No reply brief was filed.

█ The trial court's findings, including seven citations, are quoted in the brief of defendant in error. Beyond this, *Piggott v. Brown*, 79 Colo. 11, 243 Pac. 626, is cited therein on the weight of evidence required to establish a resulting trust, and section 141, Perry on Trusts (7th Ed.), to the effect that such a trust will not be enforced where the cestui que trust has been guilty of laches. Nothing more. Counsel for Charles cites *Cortez Land & Securities Co. v. Stabler*, 84 Colo. 64, 268 Pac. 526, on the facts creating such a trust, and stops there. Even this meager array is superfluous in the face of the findings. In that "wilderness of single instances," the reports of cases adjudicated in lands ruled by the common law, authority can be found on all sides of every legal question which by the wildest stretch of imagination can be considered debatable. But the most inde-

440

fatigable legal research and the keenest judicial vision has never been able to locate a legal right in such a heap of damning facts as the trial court's findings piled over the claims of this plaintiff in error.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.