## No. 12,965.

IRELAND *v.* HUDSON, EXECUTOR ET AL.

(18 P. [2d] 311)

Decided December 30, 1932.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for plaintiff in error.

Mr. FRANCIS J. KNAUSS, Mr. JOHN R. SMITH, Mr. F. E. GREGG, for defendants in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

This writ of error, to review an adverse judgment of the district court of the second judicial district of the state of Colorado against her, was sued out by May Ireland, who names as defendant in error therein Grant L. Hudson, as proponent of the purported last will and testament of her husband Richard P. Ireland, deceased. Hudson had been designated as executor in the will and had been appointed by the county court of the City and County of Denver as special administrator to collect the said estate. Lucy I. Cook, sister of Richard P. Ireland, is also named as a defendant in error, she being one of the legatees named in the will. The judgment of the district court sought to be reviewed here, affirmed the decision of the county court of the City and County of Denver which admitted the instrument in question to probate. In view of our conclusion in this case the foregoing statement sufficiently indicates the character of the case now under review.

When the petition for probate of the will was filed in the county court by Hudson, as executor and trustee, May Ireland, the widow of Richard P. Ireland, filed her caveat thereto wherein she objected to its probate and contests its legality, chiefly upon the ground that the instrument is uncertain, ambiguous and unintelligible throughout, and violates the rule against perpetuities which is in force in this state.

The discussion in the briefs by counsel on both sides has taken a far wider range than is necessary for determination of the controlling and decisive question as we view it at this time and in the present state of the record. No pertinent statutory provision of this state has been called to our attention which authorizes or justifies a refusal to admit this will to probate. It is not a

model composition. There may be some provisions in it of doubtful validity, but a careful examination thereof discloses that there are several valid separate bequests therein to the widow and to the testator's sister. . The devising parts of the will are in paragraphs or items third, fourth, fifth and sixth. The principal controversy upon this review relates to the third paragraph, which purports to make certain separate bequests to the testator's wife and sister, which are criticised by plaintiff in error as uncertain, ambiguous and, on the whole, invalid. However that may be, in the fourth, fifth and sixth items of the instrument there are separate specific bequests made to the wife, and the sister of the testator, Mrs. Cook. Such being the case, even if the third clause of the will is invalid, and this is the item against which the argument of caveator has directed her most vigorous attack, this does not prevent, and should not prevent, the probating of the will, if there are other valid bequests therein.

In 1 Page on Wills (2d Ed.), p. 863, §527, it is said that if the instrument presented for probate is testamentary in character, and properly executed, as is true of this will, it can not be refused admission to probate on the ground that it would be inoperative even if probated. There is no question about the due execution of this will and it unquestionably is testamentary in character. Mr. Page further says in this section that, the mere fact that a gift is invalid as in violation of the rule against perpetuities—which is probably the chief objection urged against this will—does not prevent its admission to probate; and the author further says that, in the absence of special statute, these questions do not fall within the jurisdiction of the probate court so far as concerns the question of the admission of the instrument to probate.

We are not without authority in this state upon the very question here involved. In *Frazier v. Frazier,* 83 Colo. 188, 263 Pac. 413, in an opinion by Mr. Justice Den-

ison, it was held that testamentary capacity, sufficient attestation, and a valid bequest being shown—all of which are present in this case—a refusal to probate a will will be held error, regardless of whether a testamentary trust therein is valid or not. These are the facts in the Frazier case: A caveat by the widow of the testator was filed and both in the county court and on appeal in the district court was refused. The testator husband intended by his will to create a trust for the benefit of his wife, and also intended thereby to make, and he did make, a valid bequest of a gun and hunting outfit to a friend. The trust, however, was held invalid by the district court but the bequest of the gun and hunting outfit was held valid. Upon review in this court it was held that the decision of the district court, refusing probate on the ground that the trust was invalid, was erroneous because the bequest in the will of a gun and hunting outfit was good, and this of itself, that is, the fact that the bequest of the gun was a valid disposition of some of the testator's property, required probate of the will, after which the estate could be, and would be, administered as an intestate estate. This decision and the authorities generally sustain the decision both of the county court and the district court in admitting this will to probate. If there are other provisions of the will which cannot be carried out as made, that is a matter for the determination of the county court when such questions are presented for determination in due course of administration.

This judgment, therefore, of the district court, which is now before us for review, was right and it must be, and is, affirmed.