# No. 13,344.

IRELAND *v.* HUDSON, EXECUTOR ET AL.

(41 P. [2d] 237)

Decided February 4, 1935.

Messrs. HINDRY, FRIEDMAN & BREWSTER, for plaintiff in error.

Mr. F. J. Knauss, Mr. John R. Smith, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as Mrs. Ireland and her deceased husband as Ireland.

Ireland died testate and his widow, who claims to be his sole heir, contested the probate of his will. Her objections were overruled and the will probated. She brought error and we sustained the judgment, but did not pass upon the contention that a portion of the will violated the rule against perpetuities. *Ireland v. Hudson,* 92 Colo. 110, 18 P. (2d) 311. Therein she asked that her right to elect to take one-half the estate be preserved for thirty days after final decision, and it was so ordered. Within the time limited she filed such election, reserving her rights to widow's allowance and to claim as sole heir. She thereafter filed her petition for construction of the will, particularly contending that the third paragraph thereof was void for uncertainty and violated the rule against perpetuities. The court held against her and to review the judgment thereupon entered she prosecutes this writ.

Of the twenty-four assignments eighteen go to questions of the proper interpretation of said third paragraph and the law applicable thereto. The others are either general, or are unsupported by the record, or, in view of our conclusions on the main issue, present no question requiring consideration here. If Mrs. Ireland's contention as to said third paragraph be sustained she probably gets the property therein mentioned, if not, the remainder of the estate is apparently sufficient to provide one-half of the whole to which her election entitles her. Hence we confine ourselves to a consideration of the correctness of the trial court's judgment on the disputed paragraph.

Ireland owned all the stock of a corporation, which was a collection agency, and owned an unincorporated business mingled therewith and handled through the corporation and its employees. By said paragraph three he bequeathed the stock to Hudson as trustee; put Hudson in his place in the organization; provided that others should be retained in their places while they remained in the organization and in harmony with his policies; that salaries should be increased only in the ratio of one-half of the increase in net profits; that his salary should be drawn by the trustee, paid to his wife and sister during their lives, and thereafter remain in the business subject to disposition of the directors; that January 1 of each year one-half the net profits should be paid the annuitants and the other half "to the members of said Corporation and its employees who have been such for the period of one year prior to the January first division, and each person shall receive such share of such profits as the ratio of their annual salary is to the total aggregate salaries paid out by said Corporation for the preceding year. One additional salary expense shall be of O. F. Fulton which shall be increased One Hundred Dollars ($100.00) per month over and above what he is receiving at the time of my death. Upon the death of my said wife her one-half part of such net profits shall be paid to my said sister during her life and upon the death of both my said wife and sister the entire of such net profits of said Corporation shall be divided annually among the officers and employees of said Corporation in the amounts and manner as provided herein." The will contains no other or specific disposition of the corpus of the trust.

Mrs. Ireland's main contentions may be thus briefly stated: The language, "my executor and trustee and his successor shall *always* hold the same position * * * which I hold at the time of my decease," indicates Ireland's intention that the trust shall be unending. This is emphasized by the further provision that upon the death of both annuitants the entire "net profits of said corporation

shall be divided annually among the officers and employees of said corporation in the amounts and manner as herein provided.'' It follows that no vested interest is bequeathed, that the beneficiaries are contingent, and that the trust is interminable. Hence paragraph three is void for uncertainty and violates the rule against perpetuities. Therefore the property therein mentioned, not being validly devised, passes to Mrs. Ireland under the statutes. Among the authorities relied upon by her counsel are the following: *Denny v. Hyland,* 162 Wash. 68, 297 Pac. 1083; *Siedler v. Syms,* 56 N. J. Eq. 275, 38 Atl. 424; *Hewitt v. Green,* 77 N. J. Eq. 345, 77 Atl. 25; 48 C. J. p. 964, §44 (But see also §45 Id.).

In *Ehrenkrook v. Ehrenkrook,* 90 Colo. 437, 9 P. (2d) 610, we said that ''authority can be found on all sides of every legal question which by the wildest stretch of imagination can be considered debatable.'' To no class of litigation is that statement more applicable than the construction of wills, because, like blades of grass, no two can be found which are identical. *Platt v. Brannan,* 34 Colo. 125, 81 Pac. 755; *Hignett v. Sherman,* 75 Colo. 64, 224 Pac. 411. The first canon of construction of wills is that the intent of the testator must, if possible, be ascertained and followed. *Westlake v. Westlake,* 83 Colo. 540, 266 Pac. 714; *Walton v. Wormington,* 89 Colo. 355, 2 P. (2d) 1088. When that intent can be gathered from the language used, no resort should be had to doubtful authorities to invalidate the testament on the ground of uncertainty. *Chilcott v. Hart,* 23 Colo. 40, 45 Pac. 391. When two constructions are available, courts will favor that which accords with intention. In *Matter of MacDowell,* 217 N. Y. 454, 465, 112 N. E. 177, L. R. A. 1916 E, 1246.

The presumption is that the testator disposed of his entire estate, and that interests granted are absolute rather than qualified. *Hignett v. Sherman,* 75 Colo. 64, 224 Pac. 411; *Chilcott v. Hart,* 23 Colo. 40, 45 Pac. 391; *In re Goldmark,* 174 N. Y. Supp. 595.

An unlimited gift of income, without specific dis-

position of corpus should be construed as a gift of the property. *Hatch v. Bassett,* 52 N. Y. 359, 362; 2 Page on Wills, sec. 1015; *In re Goldmark,* 174 N. Y. Supp. 595. The fact that a gift is to a class which may increase or decrease until the happening of a specific event does not invalidate the bequest. 2 Page on Wills §924. "Gifts over to a class, where the class is open until some future time, are technically vested (unless they are made expressly subject to some other contingency), if there be one or more of the class in esse at the time of the making of the gift. * * * The final membership of the class, and hence, the actual ascertainment of the person who will take, will not be determined until the time fixed for the closing of the class." *Denny v. Hyland,* 162 Wash. 68, 297 Pac. 1083. Hence it is not essential that any individual in the class at the date of the gift be still there when the class is closed.

The foregoing rules are unquestioned. They are the best of law because they rest on reason and square with common sense. Applied here they seem to solve all difficulties suggested.

 Ireland had built up a profitable business whose entire capital was its good will and the wisdom and loyalty of those who managed its affairs. He desired that its available income should be devoted to the welfare of his widow and sister. This he secured by leaving the business in the hands of those who had demonstrated an ability to conduct it, and insured their industry and loyalty by self-interest. When the special objects of his solicitude had passed beyond the need of earthly help he gave all the income to those who produced it. To hold that he intended to perpetuate the trust indefinitely thereafter, with no conceivable object in view, until the stock should pass into the hands of the seventh son of the seventh son, is to construe into this will an absurdity which no capable businessman could conceivably have fathered. When he used the word "always" to indicate how long his trustee should hold his place he evidently had in mind only the

life of the trust. He had provided for the organization and operation of the corporation and the annual distribution of its profits. When he directed the annual distribution of profits after the death of the annuitants he said, in effect, "Thereafter go ahead with the business and take the profits." So insignificant was the corpus, save as a framework for a going concern, it is doubtful if he ever considered it apart from profit and loss. An entirely different picture would be presented had this corpus consisted of money in bank, valuable real estate, office buildings, factories, etc.

The trial court found, inter alia, "That said testator, by said item or paragraph Third, gave and devised to said employees above mentioned, as a class, all of the income of said property in said item or paragraph Third mentioned, without limitation with respect to the time of enjoyment thereof, * * *. Said testator, by said paragraph, intended a gift of the corpus of said property to said employees as a class, and that under the law a gift of income property without limitation with respect to the time of enjoyment, with no other disposition of the corpus thereof, is intended as a gift of the corpus, * * *. That said paragraph or item Third is susceptible of enforcement, and the provisions of said will as a whole, and more especially item or paragraph Third thereof, do not violate the rule against perpetuity. * * *. That the property mentioned in said item or paragraph Third of the Will of said decedent was and is specifically devised and bequeathed, and is not subject to the election of the widow, May Ireland, to take any part thereof, provided that she shall receive from other property of said estate one-half of the property of said decedent at the time of his death; * * *." In all of which we think the court was correct.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE YOUNG concur.