No. 14,160.

ESTATE OF SHEELY.

SHEELY *v.* SHEELY ET AL.
(78 P. [2d] 378)

Decided April 11, 1938.

Mr. Ralph L. Carr, Mr. Jean S. Breitenstein, Mr. John H. Shippey, for plaintiff in error.

Mr. Stanley T. Wallbank, Mr. Edward Z. Klahr, Mr. Terrell C. Drinkwater, Mr. Harry C. Davis, pro se, for defendants in error.

Mr. James A. Marsh, Mr. Wilbur F. Denious, amici curiae.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

In this case we are asked by the plaintiff in error, Corinne V. Sheely, to reverse so much of a judgment of the Jefferson county district court as denied her petition

for leave to renounce under her husband's will and to take half his estate instead; and we are asked by the defendants in error to reverse, on their assignment of cross-error, so much of the judgment as granted a widow's allowance.

The plaintiff in error's husband died December 14, 1934, leaving a will which contains certain bequests and devises to various relatives, including among these herself and Arthur C. Sheely, his son by a former marriage. The will named as executors the widow, her said stepson and Harry C. Davis, who had long been the trusted attorney of the testator. All promptly joined in a petition to the county court for probate of the will. The will was admitted to probate on December 29, 1934, and the three duly qualified as executors.

On October 22, 1935, or shortly thereafter, Mrs. Sheely, as widow, filed her petition of election not to take under the will, but to take half the estate instead. This was about ten months after probate.

██ ██ '35 C. S. A., volume 4, chapter 176, section 37, provides that a surviving spouse may make such election and then continues as follows: ''Provided, that such surviving wife or husband exercise such option by filing in the county court, in which such will is admitted to probate, within six months thereafter, her or his election in writing to take and receive one-half of said property or estate; and upon the filing of such election within said time, any such will shall be inoperative as to such one-half of said property or estate. The failure to make and file such election within said period of six months shall be conclusive evidence of the consent of the surviving wife or husband to the provisions of such will.''

It is contended that the foregoing section is not mandatory, but directory. Its wording, however, is unambiguous, and the intent of the General Assembly seems exceptionally clear. We know of no valid reason for regarding the provision as merely directory. To do so would apparently violate the emphatic language used,

and be equivalent to judicial legislation, which is beyond our lawful power.

Only one decision is cited in support of the contention: *Ireland v. Hudson,* 96 Colo. 240, 241, 41 P. (2d) 237. The opinion mentions the fact that the case had previously been before this court, evidenced by the opinion in 92 Colo. 110, 18 P. (2d) 311. The point now involved in the case at bar was not raised on either of those occasions, and a decision thereon was neither given nor asked. In the opinion in 96 Colorado, we said: "Therein [that is, in 92 Colo.] she asked that her right to elect to take one-half the estate be preserved for thirty days after final decision, and it was so ordered. Within the time limited she filed such election, reserving her rights to widow's allowance and to claim as sole heir." So far as the opinion shows, the extension was there had with the consent and acquiescence of both sides. In fact the records of this court show that no objection was there interposed to the motion, which was filed and granted within the six-month period provided for election.

In the case now before us plaintiff in error pleaded that she was induced by the undue influence and fraud of the stepson and Davis to postpone the filing of her election until after the statutory six-month period had expired. These allegations were denied, and the issues so raised were thus submitted for adjudication. The district court, on conflicting evidence, found those issues against her upon appeal from the county court, which previously had decided the same way. In this state of the record, we are concluded by the findings of the court below. The question whether undue influence or fraud can ever repeal or suspend the statutory limitation of six months for filing a widow's election is not before us. The findings of the trial court are binding upon us, as they are upon the plaintiff in error, who joined her opponents in framing and submitting the issue.

The statute, '35 C. S. A., c. 176, §145, provides

that an executor shall file an inventory of the estate within one month from the date of his appointment. In the present case it was nearly nine months before the inventory was filed. The additional argument is now advanced, in support of the position that the filing of the election was not too late, that, inasmuch as the inventory here was not filed until September 20, 1935, such failure automatically extended the time for the filing of the widow's election not to take under the will.

There are several reasons why this does not seem to be a correct interpretation of the statute. In the first place, the plaintiff in error, as executrix, was in duty bound to take notice of the law and see to it that she or one of her co-executors filed the inventory in time. Moreover, nowhere in the statutes is there any indication which would lead one to believe that the filing of a widow's election depends directly or indirectly upon the time of filing an executor's inventory.

In view of all the foregoing, the lower court's rejection of the widow's aforesaid election was proper.

██ ██ The contention of the defendants in error, that the district court erred in granting the widow's allowance, is not sound. This issue was duly tried and the decision reached upon the evidence introduced. By that decision of the fact-finding tribunal we are bound. We agree with the trial court that a certain contract entered into by and between the plaintiff in error and her stepson, alleged to be in full settlement of the controversies between them, did not concern the matter of a widow's allowance. As to this phase of the case, too, the trial court's ruling was proper.

It follows that the judgment of the district court is entirely correct and must be affirmed.

Judgment affirmed.

Mr. Justice Bakke, Mr. Justice Knous and Mr. Justice Holland concur in so much of the above opinion as approves the district court's ruling on the widow's allowance, but dissent as to the remainder.