## No. 14,298.

## McFerson, Bank Commissioner *v.* Western Colorado Power Company et al.

(78 P. [2d] 625)

Decided April 18, 1938.

Messrs. McCloskey & Beise, Mr. Charles M. Rose, for plaintiff in error.

Mr. R. Franklin McKelvey, Messrs. Moynihan-Hughes, for defendant in error power company.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

McFerson, as state bank commissioner, has sued out a writ of error to review a judgment entered against him by the trial court in which it allowed preference of a claim of the Western Colorado Power Company, claimant, to be paid from the assets of a defunct state bank.

From the view we take of this matter, it becomes unnecessary to recite all of the facts which gave rise to the litigation. Suffice to say that the claim was based upon a bank draft which is entitled to preferred payment, if deposited for collection under section 56, chapter 18, volume 2, '35 C. S. A. (S. L. 1925, p. 179, §1). The other alleged grounds of preference were waived.

It becomes axiomatic then to say that if another section of the statute takes away claimant's cause of action, it must fail, and the judgment of the trial court must be reversed.

Briefly stated, the assignments of error, a disposition of which is decisive of this case, are: That no suit or action having been commenced within six months from the date of rejection of the claim for preference, the court was without jurisdiction to review the action of the bank commissioner; that the procedure adopted to obtain a review was contrary to the statutory provisions concerning such procedure.

The statutory provisions involved in these assignments of error are to be found in sections 96 and 97, chapter 18, volume 2, '35 C. S. A. (C. L. §§2735, 2736), which read, respectively, as follows:

"If the state bank commissioner questions the justice or validity of any claim filed with him, he may reject the same and serve notice of such rejection upon claimant, either personally or by mail. An action upon a claim so rejected *may be brought within six months after such rejection, and not afterwards.*" (Italics are ours.)

"Any party in interest may object to any claim presented to the state bank commissioner, who shall hear and decide the matter; but his decision upon the validity of the claim may be reviewed by the district court at the instance of the party aggrieved. Notice of review in the district court shall be filed with said bank commissioner within thirty days after his decision is announced, whereupon said state bank commissioner shall report the facts to said court with a petition that said court pass upon the validity of said claim. Said court shall, upon notice to the party presenting such objections, and to the claimant, approve or reject said claim."

The commissioner contends that this action must fail because not "brought within six months after such rejection." Defendant in error Power Company, on the other hand, while admitting that its action was not filed within the six months after rejection period, relies on section 97, supra, and contends that since it is "a party in interest," and filed its action within the time and under the circumstances therein set out, the court had jurisdiction to pass upon its claim. Consequently, it devolves upon us to determine which of the above sections is controlling in cases like this, where the claimant for preference is the only party challenging the commissioner's denial of the preference.

This question has not been specifically passed upon by this court, although in *Italian American Bank v. Carosella,* 81 Colo. 214, 217, 254 Pac. 771, the action apparently was brought under section 97, supra, without question in the trial court, and with no disapproval from us. An examination of the record in that case, however, discloses

that the procedure was not challenged by counsel, whereas in the instant case it was challenged below, as well as here.

It seems to us that the above assignments of error are well taken, and that section 96, supra, is controlling of the situation here involved. The apparent purpose of the General Assembly in enacting section 96, when that section is construed in connection with the section immediately preceding (§95, c. 18, '35 C. S. A., S. L. 1927, p. 205, §12), which provides that proofs of common claims must be submitted thirty days prior to distribution of final dividends, and preferred claims filed within six months after date of closing the institution, is that of expediting the liquidation as much as possible. Nearly all disputes on claims against failed banks arise between the claimant and commissioner, and it is to the definite interest of all concerned to have these promptly disposed of. Yet there are times when "parties in interest," i. e., third parties, such as stockholders or depositors' protective committees, desire to challenge the action of the commissioner in passing on claims, and section 97 was passed to meet such situations. In other words, section 96 was passed for the benefit of the claimant, and section 97 for other parties in interest. This conclusion becomes more obvious when we note the language in the closing sentence of section 97, which is as follows: "Said court shall, upon notice to the party presenting such objections, *and to the claimant,* approve or reject said claim." (Italics are ours.)

█ Besides being the reasonably apparent intent of the General Assembly, the usual rule of statutory construction applies, i. e., that the general words, "any party in interest" in section 97, are controlled and limited by the specific designation "claimant," in section 96, and section 97, as above indicated, as well. *Gibson v. People,* 44 Colo. 600, 99 Pac. 333; *Wilson v. People,* 44 Colo. 608, 99 Pac. 335; *City and County of Denver v. Taylor,* 88 Colo. 89, 292 Pac. 594, 72 A. L. R. 833.

The point here made on the construction of this statute is illustrated by the case of *Federal Reserve Bank v. Pe-*

*ters,* 139 Va. 45, 123 S. E. 379, where a depositor brought the action to challenge the preference.

Defendant.in error, relying on the analogy announced by the trial court between practice in probate matters concerning claims filed against estates and the practice herein, thinks that the trial court, having general jurisdiction over insolvent banks, is not precluded by the six months statute of limitations fixed by section 96, supra. In this connection, it may be pointed out that we have just held in *Sheely v. Sheely,* 102 Colo. 194, 78 P. (2d) 378, that an attempt by a widow to make an election to renounce a will, and take under the statute comes too late after the six months fixed by the statute ('35 C. S. A., c. 176, §37, C. L. §5185) has elapsed. We make this observation, not because it is particularly determinative of this case, but in response to the assumption of the trial court.

While choosing to dispose of this matter by holding that the court had no jurisdiction, we are convinced also that the case would have to be reversed on the merits, because, if any preference ever existed, it was lost.

The judgment is reversed.

Mr. Justice Hilliard dissents.

Mr. Justice Knous not participating.