No. 14,484.

JONES v. PUEBLO SAVINGS AND TRUST COMPANY ET AL.
(87 P. [2d] 2)

Decided January 23, 1939. Rehearing denied February 14, 1939.

Mr. Ralph L. Neary, Mr. Leo S. Altman, for plaintiff in error.

Mr. Roy A. Payton, for defendant in error Snapp.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

One Fred O. Jones heretofore departed this life leaving a last will and testament which was duly admitted to probate by the county court of Pueblo county. Paragraph II of the will reads as follows: "I devise and bequeath to my daughter, Irma Blanche Jones, one half of all of the real and personal property of which I may die seized and possessed, to be delivered to her as follows:

"One half thereof to be delivered to her at the age of twenty-one (21) years and the other half to be delivered to her at the age of twenty-five (25) years. Any real estate of which it may consist is not subject to her sale or disposal until the respective ages of twenty-one (21) and twenty-five (25) have been attained for the absolute property to vest in her as provided. It is my desire that The Pueblo Savings and Trust Company shall act as the

guardian and trustee of her estate for the limitations of time mentioned, and that should it be to the best interests of my daughter to dispose of any or all real estate which may descend to her, as herein provided, that the said named guardian and trustee shall have power to do so for the purpose of reinvestment or for the use and benefit of my said daughter that conditions and exigencies may require. My daughter to receive a high school and business education out of her estate. It is also my desire and will, that out of her estate, or the income therefrom, if such income be sufficient, that an allowance be made and paid to my wife, Nettie M. Jones, to apply on the support of said daughter during her minority dependency, if such support is so furnished by my said wife, but not to exceed the sum of * * * Twenty-five Dollars ($25.00) per month.

Irma Blanche Jones died intestate before she attained the age of twenty-one years. Sometime previous to her death she married Melvin W. Snapp. Following the decease of the legatee and devisee, her husband was appointed administrator of her estate by the county court of Pueblo county and shortly thereafter petitioned that court for an order requiring the Pueblo Savings and Trust Company to transfer and convey to him as administrator the remaining portion of the original one-half of the estate of Fred O. Jones, deceased, which theretofore had been turned over and delivered to the trust company as trustee for Irma Blanche Jones under order of the court in that estate. As a result of this demand the Pueblo Savings and Trust Company, to the end that it might be instructed as to what disposition it should make of the property in its hands, filed a petition in the Pueblo county court asking for a construction of Paragraph II of the will, supra. Following the filing of the petition the position of the trust company has been neutral and the real controversy lies between Nettie M. Jones, plaintiff in error, who is the widow of Fred O. Jones, deceased, and

the administrator of the estate of Irma Blanche Snapp, nee Jones.

The question for determination is whether or not Irma Blanche Snapp took a vested or contingent interest under the will of her father at the date of his death. If the interest created by paragraph II of the will, supra, indefeasibly vested in Irma Blanche Snapp upon the death of her father, the property involved now would pass to her intestate estate; whereas, if the interest was contingent, the property will devolve to plaintiff in error, the widow of Mr. Jones, as the intestate part of his estate since his will contained no residuary clause. The county court, and the district court of Pueblo county to which appeal was taken, both determined that one-half of all the real and personal property of which Fred O. Jones died seized and possessed became vested in Irma Blanche Snapp at the time of his death. We believe these judgments were proper.

In a case of this character the intention of the testator controls and this intent must, if possible, be ascertained from the will itself. *Bacon v. Kiteley,* 101 Colo. 559, 75 P. (2d) 590; *Hickey v. Costello,* 80 Colo. 461, 251 Pac. 595; *Tuckerman v. Currier,* 54 Colo. 24, 129 Pac. 220.

In the case before us, as the controlling factor of intent, it must be ascertained whether the testator meant to make provision for his daughter *only in case of her attaining the ages specified,* in which event the gift *would not vest* in interest until that time, or whether the postponement was made with reference to the beneficiary's fitness to be entrusted with the property and relates *only to the time of enjoyment,* thereby creating an estate *indefeasibly vested* in the beneficiary upon the death of the testator. See Annotation 71 A. L. R. 1051.

As indicative of the intent of the testator it is to be observed that the devise and bequest are to the daughter directly and not to a trustee. Significant also is the circumstance that the testator expresses the desire that the

Pueblo Savings and Trust Company "shall act as the *guardian* and trustee of her estate for the limitations of time mentioned." The use of the term "guardian" in this connection would seem to imply a vested interest in the daughter and a stewardship by the trust company until she reached the ages specified, inconsistent with the intent to create a purely contingent estate. It is further to be observed that by the provisions of the paragraph under consideration, arrangement is made for the education and care of the daughter from the corpus of the property willed to her, whereby the same could be and was devoted to her benefit immediately upon the death of the testator. Also of interest is the third paragraph of the will, disposing of the other one-half of testator's estate: "III. I devise and bequeath to my wife, Nettie M. Jones, one half of all my real and personal property of which I may die seized and possessed, to be paid to her in the sum of Seventy-five ($75.00) Dollars per month, and should my estate consist partly or all of real estate, then the executor of this will, if conditions require, may dispose of the same, for the best price obtainable, if it becomes necessary to meet the monthly payments provided herein, and that should my wife depart this life before having received her full share of my said estate, as willed herein, then the remainder to descend to my said daughter under the limitation herein provided." It thus clearly appears that in making provision for his wife, Mr. Jones had in mind the contingency of her death and made provision for the disposition of the residue of the property willed to her in that event and definitely contemplated the survival of his daughter. In view of these circumstances it is our conclusion that the testator, in making the testamentary disposition to his daughter here under consideration, was thinking only of her fitness to control the property previous to attaining the ages specified in the will, rather than the consideration of any possibility of her not living to attain those ages and creating an interest contingent thereon. We have no doubt,

as has been pointed out, that the implications of the will itself are expressive of the intent that the estate should indefeasibly vest in the daughter as of the time of the testator's death, and all presumptions accord this construction.

The law favors the vesting of estates, especially when given to children or those standing in like relation to the testator, and under such circumstances it imposes such a construction of the terms of a will as will create a vested estate if possible. *Dustin v. Brown,* 297 Ill. 499, 130 N. E. 859; *Power v. Power,* 296 Ill. 611, 130 N. E. 313; *Harrison v. Marden* (Mass.), 10 N. E. (2d) 109, 112 A. L. R. 577; *Hoblit v. Howser,* 338 Ill. 328, 170 N. E. 257, 71 A. L. R. 1046.

"An estate will vest at the death of the testator unless a later time for vesting is clearly expressed by the words of the will or by necessary implication therefrom. *Carter v. Carter,* 234 Ill. 507, 85 N. E. 292." *Hoblit v. Howser, supra.*

Further, if possible, an interpretation which avoids partial intestacy is preferred. *Ireland v. Hudson,* 96 Colo. 240, 41 P. (2d) 237; *Hignett v. Sherman,* 75 Colo. 64, 224 Pac. 411.

The sentence: "Any real estate of which it may consist is not subject to her sale or disposal until the respective ages of twenty-one and twenty-five have been attained for the absolute property to vest in her, as provided," strongly stressed by the widow in support of her position, when considered in connection with the remainder of the paragraph and the ordinary effect is given the words "as provided," in our opinion merely expresses a suspension of the devisee's right to sell any of the devised real estate until the same was distributed to her as provided by the will.

Nor is the case of *Hickey v. Costello, supra,* in which it was determined that certain legacies lapsed because of the death of the legatees prior to attaining the age specified in the bequest, helpful to the widow, since the dis-

position there turned upon a provision relating to survivorship—not present in the will before us—and in the absence of which the opinion strongly intimates the legacies would have been declared to have become vested upon the death of the testator.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE YOUNG concur.